UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK A. BOUSSUM, et al.,

       Plaintiffs,                                 Case No. 1:22-cv-12232

v.                                                   Honorable Thomas L. Ludington
                                                             United States District Judge

HEIDI WASHINGTON, et al.,

       Defendants.
_____/

**OPINION AND ORDER (1) LIFTING STAY, (2) DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTED COUNSEL, (3) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, AND (4) DIRECTING PLAINTIFFS TO CORRECT *IN FORMA PAUPERIS* APPLICATIONS**

Plaintiffs are six "handicapped inmates" at Thumb Correctional Facility (TCF) in Lapeer, Michigan. They have filed a *pro se* civil-rights complaint under 42 U.S.C. § 1983, alleging TCF failed to accommodate their disabilities and, therefore, violated their rights under the First, Eighth, and Fourteenth Amendments; the Americans with Disabilities Act, 42 U.S.C. § 12132; and the Rehabilitation Act, 29 U.S.C. § 794.

Plaintiffs also filed a combined motion for class certification and appointed counsel. ECF No. 8. The motion was granted in part, and the case was stayed to seek *pro bono* counsel for Plaintiffs. ECF No. 9. The order explained that if counsel was not obtained by November 4, 2022, then the stay would be lifted for appropriate orders. *Id.*

No counsel was found, so the stay will be lifted, the motion for class certification and appointment of counsel will be denied, Plaintiffs will be directed to correct applications for leave to proceed *in forma pauperis*, and Plaintiff Boussum's motion for a temporary restraining order will be denied without prejudice.

**I.**

Plaintiffs are prisoners held in a "Medical[ly] Frail Housing [MFH] Unit" at the Thumb Correctional Facility in Lapeer, Michigan. ECF No. 1 at PageID.21, 24. The MFH Unit was developed to house medically frail inmates, but Plaintiffs claim that TCF began to admit such inmates before it was "fully prepared . . . to meet the[ir] housing and medical needs." *Id.* at PageID.24. They add that problems with staffing and the MFH Unit's programming, care, and other services violate the Americans with Disabilities Act, the Rehabilitation Act, and Plaintiffs' rights under the First, Eighth, and Fourteenth Amendments. *Id.* PageID.27–28.

Plaintiffs have various disabilities, *id.* at PageID.25–27, and examples of their complaints include a lack of medical staff, missing handrails near beds and in showers requiring mobility-impaired prisoners to carry medical equipment up and down stairs, and the denial of the opportunity to participate in school, work, and recreation programming, *id.* at PageID.21–23.

And, most recently, Plaintiff Boussum filed a motion for a temporary restraining order. ECF No. 11. He newly complains that Defendants are "double bunking" "regular" (i.e., nondisabled) prisoners in the MFH Unit, placing the "patients at risk to property theft, assaults, and/or death." *Id.* at PageID.72.

**II.**

**A.**

Motion for appointed counsel was partially granted, and the case was stayed to obtain *pro bono* counsel. ECF No. 9. But those efforts were unsuccessful, so the motion will be denied in full.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). But prisoners' postconviction right to counsel extends to only the first appeal of right and no

further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *accord Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (unpublished) ("The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." (quoting *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993))).

The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner (1) could not obtain justice without an attorney, (2) could not obtain a lawyer on his own, and (3) would have a reasonable chance of winning with the assistance of counsel. *United States v. Curney*, 581 F. Supp. 3d 910, 911 (E.D. Mich. 2022) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)); *accord United States v. Wright*, No. 1:20-CR-20378, 2022 WL 619648, at *1 (E.D. Mich. Mar. 2, 2022) (same).

The complaint is well drafted and clearly lays out Plaintiffs' allegations. *See generally* ECF No. 1. Plus, Plaintiff Boussum prepared the complaint and refers to himself as a "paralegal." *Id.* at PageID.16. And Plaintiffs' allegations of Thumb Correctional Facility's failure to accommodate their disabilities do not involve complex facts or legal doctrines that would prevent them from prosecuting the case on their own behalf. *See, e.g.*, *United States v. Walker*, No. CR 15-20262, 2021 WL 5198551, at *2 (E.D. Mich. Nov. 9, 2021); *United States v. Mitchell*, No. 12-20332-01, 2021 WL 289556, at *3 (E.D. Mich. Jan. 28, 2021).

Because the complaint does not present "exceptional circumstances" warranting appointment of counsel, Plaintiffs' motion for appointment of counsel will be denied.

B.

Plaintiffs have also filed a motion for class certification. ECF No. 8.

A prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action. *See*, *e.g.*, *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (unpublished) (first citing FED. R. CIV. P. 23; and then quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *accord Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (unpublished) ("[P]ro se prisoners are not able to represent fairly the class." (citations omitted)).

Indeed, "pervasive impracticalities associated with multiple-plaintiff prisoner litigation . . . militate[] against" it. *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008)). For example, "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *5). And the individual plaintiffs within the class must meet the exhaustion requirement of 42 U.S.C. § 1997e(a). *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *6).

So Plaintiffs' motion for class certification will be denied. True, Plaintiffs diligently addressed some of the impediments of prisoner litigation. Plus, every named plaintiff signed the complaint and submitted an application to proceed *in forma pauperis*. Yet, wrongly or not, the law prohibits *pro se* prisoners from representing other prisoners in class actions.

C.

As noted, Plaintiffs have each filed a motion to proceed *in forma pauperis*.[1] *See* ECF Nos. 2; 3; 4; 5; 6; 7.

---

[1] Although Plaintiffs' documents are titled "Certificate of Prisoner Institutional/Trust Fund Account Activity," in the interests of Plaintiffs and justice, the filings are being generously construed as motions to proceed *in forma pauperis*.

This Court could not decide those motions until after class certification, because filing fees are complicated in class-action prisoner cases. *See, e.g.*, *Calhoun v. Washington*, No. 21-10476, 2021 WL 1387782, at *1 n.1 (E.D. Mich. Apr. 13, 2021) (observing that some district courts in the Sixth Circuit apportion the filing fees among the plaintiffs in multiple-plaintiff prisoner litigation, while others require each plaintiff to pay the full filing fee); *Montague v. Schofield*, No. 2:14-CV-292, 2015 WL 1879590, at *5 (E.D. Tenn. Apr. 22, 2015) (collecting circuit-court cases that require each plaintiff to pay the full filing fee). But class certification has been resolved, so Plaintiffs' applications will be considered now.

The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Section 1915(a) permits prisoners to make a "downpayment" of a partial filing fee and to pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

But Plaintiffs did not file the required form that authorizes withdrawal of their funds. *See generally* ECF Nos. 2; 3; 4; 5; 6; 7. Under the PLRA, a prisoner filing a civil case *in forma pauperis* must file an affidavit of indigency and a certified copy of the trust-fund account statement for the six-months immediately before the filing of the complaint. *See* 28 U.S.C. § 1915(a). And the application "is deficient and subject to dismissal" without "the requisite authorization form" because the required fees cannot be paid without it. *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014) (citing *Lindsey v. Roman*, 408 F. App'x 530, 532–33 (3d Cir. 2010) (per curiam) (unpublished)). If the prisoner does not pay the full filing fee or fails to provide the required documents, then the district court may notify applicants of any deficiency

and grant them 30 days to correct it or to pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

For lacking the requisite authorization form, Plaintiffs will be directed to correct the deficiency in their *in forma pauperis* applications.

### D.

Finally, Plaintiff Boussum filed a motion for a temporary restraining order. ECF No. 11.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). "Whether a preliminary injunction should be granted is a decision left to the sound discretion of the district court." *Deja Vu of Cincinnati, LLC v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 782 (6th Cir. 2005).

To that end, Plaintiff Boussum "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

But one of Plaintiff Boussum's arguments lacks such a relationship. He asserts harm caused by Defendants' decision to house nondisabled inmates in the MFH Unit intended for the medically frail and prisoners assigned to assist them. (*Id.* at PageID.72.) The complaint, however, does not assert any conduct of nondisabled, nonaide inmates. *See generally* ECF No. 1. The only nondisabled inmates mentioned in the complaint are the "inmate assistants" who assist the disabled prisoners. *See* ECF No. 1 at PageID.23. But they aide the inmates, not injure them.

Because there is no relationship between the injury allegedly caused by nondisabled, nonaide inmates and the complaint, Plaintiff Boussum's motion.

### III.

Accordingly, it is **ORDERED** that the stay, ECF No. 9, is **LIFTED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Class Certification and Appointed Counsel, ECF No. 8, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, ECF No. 11, is **DENIED WITHOUT PREJUDICE**.

Finally, it is **ORDERED** that, **on or before February 3, 2023**, Plaintiffs are **DIRECTED** to submit either the $350.00 filing fee and $52.00 administrative fee (i.e., $402.00) or the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account. If Plaintiffs fail to file the required documents or to pay the filing fee and the administrative fee, then this Court must presume they are proceeding without prepayment, assess the whole fee, and dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Any case dismissed under these circumstances, will not be reinstated even if the fee is later paid. *Id.*

**This is not a final order and does not close the above-captioned case**.

Dated: January 5, 2023					s/Thomas L. Ludington
						THOMAS L. LUDINGTON
						United States District Judge