UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK A. BOUSSUM et al.,

       Plaintiffs,                          Case No. 1:22-cv-12232

v.                                              Honorable Thomas L. Ludington
                                                       United States District Judge
HEIDI WASHINGTON et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION, DISMISSING CASE WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

A group of disabled inmates have filed a *pro se* class action alleging numerous federal claims and seeking to be represented by an inmate who purports to be a paralegal.

The case was stayed for three months to seek *pro bono* counsel for Plaintiffs because prison inmates may not represent each other in federal lawsuits. ECF No. 9. But no counsel accepted their case *pro bono*, so the stay was lifted, their motions for class certification and appointment of counsel were denied, they were directed to correct deficiencies in their applications for leave to proceed *in forma pauperis*, and their motion for a temporary restraining order was denied without prejudice. *See generally Boussum v. Washington*, No. 1:22-CV-12232, 2023 WL 112460 (E.D. Mich. Jan. 5, 2023).

Then Plaintiffs filed a motion for reconsideration but not the documents required to correct the deficiencies in their *in forma pauperis* applications. So the case must be dismissed.

I.

Plaintiffs are prisoners held in a "Medical[ly] Frail Housing [MFH] Unit" at the Thumb Correctional Facility in Lapeer, Michigan. ECF No. 1 at PageID.21, 24. The MFH Unit was

developed to house medically frail inmates, but Plaintiffs claim that TCF began to admit such inmates before it was "fully prepared . . . to meet the[ir] housing and medical needs." *Id.* at PageID.24. They add that problems with staffing and the MFH Unit's programming, care, and other services violate the Americans with Disabilities Act, the Rehabilitation Act, and Plaintiffs' rights under the First, Eighth, and Fourteenth Amendments. *Id.* PageID.27–28.

Plaintiffs have various disabilities, *id.* at PageID.25–27, and examples of their complaints include a lack of medical staff, missing handrails near beds and in showers requiring mobility-impaired prisoners to carry medical equipment up and down stairs, and the denial of the opportunity to participate in school, work, and recreation programming, *id.* at PageID.21–23. And Plaintiff Boussum filed a motion for a temporary restraining order, newly complaining that Defendants are "double bunking" "regular" (i.e., nondisabled) prisoners in the MFH Unit, placing the "patients at risk to property theft, assaults, and/or death." ECF No. 11 at PageID.72.

After all Plaintiffs' Motions were denied and they were directed to cure deficiencies in their *in forma pauperis* applications, they filed a motion for reconsideration without correcting their deficient applications.

II.

A.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Plaintiffs' Motion for Reconsideration makes three arguments: (1) they meet Rule 23's requirements for class certification, ECF No. 13 at PageID.105–11; (2) this Court should appoint

class counsel, ECF No. 13 at PageID.111–13; and (3) this Court erred in denying their request for a temporary restraining order, ECF No. 13 at PageID.113–15. Each one will be addressed in turn.

**B.**

With respect to class certification, Plaintiffs merely rehash all their arguments for why their purported class meets the requirements of Rule 23. *Compare* ECF No. 8 at PageID.64–66, *with* ECF No. 13 at PageID.105–11.

But those arguments do not warrant consideration, "because this Court already considered and rejected them." *Yatooma v. Birch Run Twp.*, No. 1:22-CV-10870, 2022 WL 3701164, at *2 (E.D. Mich. Aug. 26, 2022) (citing *Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022) (collecting cases)); *see Boussum v. Washington*, No. 1:22-CV-12232, 2023 WL 112460, at *2 (E.D. Mich. Jan. 5, 2023).

Plaintiffs' only new argument is that the Federal Rules of Civil Procedure do not "allow for the denial of class certification based on appointment of counsel." ECF No. 13 at PageID.107.

But that argument lacks merit. As this Court already explained, the adequacy requirement of Rule 23 may not be satisfied by a purported class of prisoners proceeding without counsel. *Boussum*, 2023 WL 112460, at *2 ("A prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action." (citations omitted)). Indeed, Plaintiffs acknowledge the same, which contradicts their own argument. *See* ECF No. 13 at PageID.113 ("[I]t is well settled that pro se plaintiffs cannot act as class representatives because they do not satisfy the requirements of Rule 23(a)(4)." (citation omitted)).

For those reasons, all Plaintiff's arguments regarding class certification lack merit. E.D. Mich. LR 7.1(h)(2).

## C.

With respect to *pro bono* counsel, Plaintiffs argue—without citing any legal authority—that this Court "could have stayed the case and granted the [temporary restraining order] till which time counsel could be found and appointed." *See* ECF No. 13 at PageID.111–13.

For one thing, Plaintiffs' Motion for a Temporary Restraining Order lacked merit. *Boussum*, 2023 WL 112460, at *3.

Yet Plaintiffs correctly state that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Surles v. Andison*, No. 07-CV-13555, 2014 WL 6886318, at *2 (E.D. Mich. Dec. 4, 2014) (first quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993); and then quoting *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)); *see* ECF No. 13 at PageID.111–12.

Thus, it is common practice in the Eastern District of Michigan to stay a case temporarily to find *pro bono* counsel for a *pro se* inmate litigant if "clear extraordinary circumstances exist." *E.g.*, *Fajardo-Garzon v. De Hoffman*, No. 2:21-CV-10340, 2021 WL 1259462, at *2 (E.D. Mich. Apr. 6, 2021) (granting 30-day stay); *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *6 (E.D. Mich. Sept. 11, 2017) (same).

However, this Court has not found, nor have Plaintiffs provided, a case stayed for more than 90 total days to find *pro bono* counsel. True, this Court sought counsel online for only 42 days. But the case was stayed for 90 days—while Plaintiffs could have sought counsel. *E.g.*, *Patton v. SBC Ameritech*, No. 05-10268-BC, 2007 WL 4326813, at *1 (E.D. Mich. Dec. 10, 2007) (granting 60-day stay followed by 30-day stay because plaintiff was also looking for counsel). But they did not. So the real problem is that no attorney accepted their case and this Court may not force one to do so. *Burley v. Williams-Ward*, No. 2:18-CV-12239, 2021 WL 51387, at *2 (E.D.

Mich. Jan. 6, 2021) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." (quoting *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014))); *accord* 28 U.S.C. § 1915(e)(1) ("The court *may request* an attorney to represent any person unable to afford counsel." (emphasis added)).

"[S]o," Plaintiffs ask, "does that mean that no class action could [] be certified because this court could not fin[d] counsel?" ECF No. 13 at PageID.112.

The answer to Plaintiffs' question is "Yes." *See Marr v. Michigan*, 89 F.3d 834 (6th Cir. 1996) (unpublished table decision) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class." (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam))).

Because Plaintiffs were given 90 days to seek *pro bono* counsel, no attorney accepted their case, and they may not represent each other in a class action, their second argument lacks merit. E.D. Mich. LR 7.1(h)(2).

**D.**

Finally, Plaintiffs rehash all their arguments regarding their request for a temporary restraining order. *Compare* ECF No. 11 at PageID.70–79, *with* ECF No. 13 at PageID.112–15.

But those arguments do not warrant consideration, "because this Court already considered and rejected them." *Yatooma v. Birch Run Twp.*, No. 1:22-CV-10870, 2022 WL 3701164, at *2 (E.D. Mich. Aug. 26, 2022) (citing *Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022) (collecting cases)); *see Boussum v. Washington*, No. 1:22-CV-12232, 2023 WL 112460, at *2 (E.D. Mich. Jan. 5, 2023).

The only new argument Plaintiffs add in this regard is that this Court erred in looking for a lack of relationship "between the injury allegedly caused by nondisabled, nonaide inmates and

the complaint" ECF No. 13 at PageID.100 (citing *Boussum*, 2023 WL 112460, at *3). They argue the requisite relationship was between "the new decision of the Deputy Director" to "double bunk the Aides at the MFH Unit," which is "jeopardizing the medically frail inmates." *Id.* Thus, they conclude, the "decision to house non aids general population inmates in a medically frail unit is the [c]onnection between his decision and the harm done or possibly done." *Id.* at PageID.101.

But that argument misses its mark. As explained, Plaintiffs' Complaint never mentions the decision to house *nonaide* inmates with the medically frail inmates, which the Motion for Temporary Restraining Order argues. *See* ECF No. 11 at PageID.75, 76; *Boussum*, 2023 WL 112460, at *3 ("The only nondisabled inmates mentioned in the complaint are the 'inmate assistants' who assist the disabled prisoners." (citing ECF No. 1 at PageID.23)). Meanwhile, the Motion for Temporary Restraining Order clearly alleges a harm caused by the decision to "house non medical inmates *that are not aids*." ECF No. 11 at PageID.72 (emphasis added).

Because there is no connection between the Complaint and the Motion for Temporary Restraining Order's alleged harm of housing nonaide inmates with medically frail inmates, this argument lacks merit. E.D. Mich. LR 7.1(h)(2).

**III.**

Plaintiffs each filed a motion to proceed *in forma pauperis* without the required form that authorizes withdrawal of their funds. *Boussum*, 2023 WL 112460, at *2–3 (E.D. Mich. Jan. 5, 2023) (citing ECF Nos. 2–7). So Plaintiffs were granted the maximum 30-day extension "to submit either the $350.00 filing fee and $52.00 administrative fee (i.e., $402.00) or the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account." *Id.* at *4; *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.

1997) ("[T]he prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee.").

Although Plaintiffs filed a Motion for Reconsideration, they failed to provide the required form that authorizes withdrawal of their funds. Nor have they paid the required fees. Nor have they requested another 30-day extension. Therefore, under binding Sixth Circuit precedent, this Court is now required to "presume that the prisoner is not a pauper," to "assess the inmate the full amount of fees," and to dismiss Plaintiffs' Complaint "for want of prosecution." *McGore*, 114 F.3d at 605 ("If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees."); *Boussum*, 2023 WL 112460, at *3 ("[T]he application 'is deficient and subject to dismissal' without 'the requisite authorization form' because the required fees cannot be paid without it." (quoting *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *1 (E.D. Mich. Apr. 15, 2014))); *see also Lindsey v. Roman*, 408 F. App'x 530, 532–33 (3d Cir. 2010) (per curiam) (unpublished).

For failure to prosecute, Plaintiffs' Complaint must be dismissed. 28 U.S.C. § 1915(b).

### IV.

Lastly, Plaintiffs may not appeal *in forma pauperis*, because an appeal from this Order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

### V.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 13, is **DENIED**.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Further, it is **ORDERED** that the above-captioned case is **PROHIBITED** from being reinstated to the district court's active docket—even if Plaintiffs pay the filing fees.

Further, it is **ORDERED** that Plaintiffs are **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case**.

Dated: February 8, 2023                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge